UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CARMEN EVANS,

    Plaintiff,   CASE NO. 20-cv-11959
                                HON. LINDA V. PARKER

v.

ZACHARY ROSSO, ANDREW NGO,
in their individual and official capacities,
TRIPLE CANOPY, INC., jointly and severally,

    Defendants.

| | |
|---|---|
| DAVID A. ROBINSON (P38754)<br>BRANDON MCNEAL (P81300)<br>ROBINSON & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>28145 Greenfield Rd., Suite 100<br>Southfield, MI 48076<br>(248) 423-7234<br>davidrobinsonlaw@gmail.com<br>mcnealbr@gmail.com<br><br>THOMAS E. KUHN (P37924)<br>Co-Counsel for Plaintiff<br>645 Griswold Street, Suite 1900<br>Detroit, MI 48226<br>313.963.5222<br>tekuhn@aol.com | MATTHEW I. HENZI (P57334)<br>ASHERKELLY, PLLC<br>Attorney for Defendants<br>25800 Northwestern Highway, Suite 1100<br>Southfield, MI 48075<br>(248) 746-2762<br>mhenzi@asherkellylaw.com |

## **DEFENDANTS' ANSWER TO COMPLAINT**

      NOW COME Defendants, by and through their attorneys, AsherKelly, PLLC, in answer to Plaintiff's Complaint, state as follows:

## **PARTIES, JURISDICTION, AND VENUE**

1. Defendants neither admit nor deny the allegations in Paragraph 1 of Plaintiff's Complaint and leave her to her proofs.

2. Admitted.

3. Defendants neither admit nor deny the allegations in Paragraph 3 of Plaintiff's Complaint and leave her to her proofs.

4. Admitted.

5. Defendants neither admit nor deny the allegations in Paragraph 5 of Plaintiff's Complaint and leave her to her proofs. In further answer, jurisdiction is appropriate in Federal Court under applicable law since Plaintiff's claims allege a federal question.

6. Denied for the reason it is not true. Venue is appropriate in the United States District Court for the Eastern District of Michigan.

7. Denied for the reason it is not true.

## **FACTUAL ALLEGATIONS**

8. Defendants neither admit nor deny the allegations in Paragraph 8 of Plaintiff's Complaint and leave her to her proofs.

9. Denied for the reason it is not true.

10. Denied for the reason it is not true.

11. Denied for the reason it is not true.

12. Denied for the reason it is not true.

13. Denied for the reason it is not true.

14. Denied that Plaintiff complied with Defendant Rosso's request to leave. Admitted that Plaintiff subsequently contacted a representative of Triple Canopy via telephone.

15. Defendants neither admit nor deny the allegations in Paragraph 15 of Plaintiff's Complaint and leave her to her proofs.

16. Denied for the reason it is not true.

17. Denied for the reason it is not true.

18. Denied for the reason it is not true.

19. Denied for the reason it is not true.

20. Denied for the reason it is not true.

21. Denied for the reason it is not true.

22. Denied for the reason it is not true.

23. Denied for the reason it is not true.

24. Denied for the reason it is not true.

25. Denied for the reason it is not true.

26. Denied for the reason it is not true.

27. Denied for the reason it is not true.

28. (a-d) Denied for the reason it is not true.

29. (a-f) Denied for the reason it is not true.

30. (a-f) Denied for the reason it is not true.

## COUNT I
## 42 U.S.C. 1983 & 1985 AGAINST INDIVIDUAL POLICE DEFENDANTS

31. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

32. Defendants neither admit nor deny the allegations in Paragraph 32 of Plaintiff's Complaint and leave her to her proofs.

33. (a-c) Denied for the reason it is not true.

34. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff; further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## COUNT II
## MUNICIPAL LIABILITY AGAINST DEFENDANT TRIPLE CANOPY, INC.
## UNDER 42 USC 1983

35. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

36. (a-f) Denied for the reason it is not true.

4

37. Denied for the reason it is not true.

38. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff; further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## COUNT III
## LIABILITY UNDER STATE LAW

39. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

40. Denied for the reason it is not true.

41. Denied for the reason it is not true.

42. Denied for the reason it is not true.

43. (a-d) Denied for the reason it is not true.

44. Denied for the reason it is not true.

45. Denied for the reason it is not true.

46. (a-b) Denied for the reason it is not true.

47. Denied for the reason it is not true.

48. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff;

further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## COUNT IV
## GROSS NEGLIGENCE UNDER STATE LAW

49. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word. In further answer, 49 (a-e) denied for the reason it is not true.

50. Denied for the reason it is not true.

51. Denied for the reason it is not true.

52. Denied for the reason it is not true.

53. Admitted that MCL 691.1407 limits immunity for gross negligence of a police officer employed by a governmental agency. The statute speaks for itself. Denied that this statute is applicable to this matter or that it should be invoked in this matter.

54. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff; further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## COUNT V
## FALSE ARREST AND FALSE IMPRISONMENT AGAINST INDIVIDUAL OFFICERS

55. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

56. Denied for the reason it is not true.

57. Denied for the reason it is not true.

58. Denied for the reason it is not true.

59. Defendants neither admit nor deny the allegations in Paragraph 59 of Plaintiff's Complaint and leave her to her proofs.

60. Denied for the reason it is not true.

61. Denied for the reason it is not true.

62. Denied for the reason it is not true.

63. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff; further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## COUNT VI (INCORRECTLY NUMBERED AS COUNT IV)
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST INDIVIDUAL OFFICERS

64. Defendants hereby re-allege and incorporate herein by reference all the prior paragraphs, as though the same were fully set forth herein word for word.

65. (a-d) Denied for the reason it is not true.

66. (a-d) Denied for the reason it is not true.

67. Denied for the reason it is not true.

WHEREFORE, Defendants respectfully request that this Honorable Court enter a judgment for no cause of action in favor of Defendants and against Plaintiff; further, that this Honorable Court order Plaintiff to pay Defendants' reasonable attorneys' fees and costs incurred in the defense of this matter.

## RELIANCE ON PLAINTIFF'S JURY DEMAND

Defendants rely on the jury demand filed by Plaintiff.

Respectfully submitted,

AsherKelly

By: /s/ Matthew I. Henzi
MATTHEW I. HENZI (P57334)
Attorney for Defendants
25800 Northwestern Highway, Ste. 1100
Southfield, MI 48075
(248) 746-2710

Dated: July 22, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CARMEN EVANS,

    Plaintiff,                          CASE NO. 20-cv-11959
                                      HON. LINDA V. PARKER

v.

ZACHARY ROSSO, ANDREW NGO,
in their individual and official capacities,
TRIPLE CANOPY, INC., jointly and severally,

    Defendants.

| | |
|---|---|
| DAVID A. ROBINSON (P38754)<br>BRANDON MCNEAL (P81300)<br>ROBINSON & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>28145 Greenfield Rd., Suite 100<br>Southfield, MI 48076<br>(248) 423-7234<br>davidrobinsonlaw@gmail.com<br>mcnealbr@gmail.com | MATTHEW I. HENZI (P57334)<br>ASHERKELLY, PLLC<br>Attorney for Defendants<br>25800 Northwestern Highway, Suite 1100<br>Southfield, MI 48075<br>(248) 746-2762<br>mhenzi@asherkellylaw.com |
| THOMAS E. KUHN (P37924)<br>Co-Counsel for Plaintiff<br>645 Griswold Street, Suite 1900<br>Detroit, MI 48226<br>313.963.5222<br>tekuhn@aol.com | |

## **AFFIRMATIVE DEFENSES**

    NOW COME Defendants, by and through their attorneys AsherKelly, PLLC and for their Affirmative Defenses state as follows:

    1.    Plaintiff has failed to state a claim upon which relief can be granted.

9

2. This Court lacks jurisdiction of the subject matter of Plaintiff's Complaint.

3. Any injuries or damages suffered by Plaintiff were, in whole or in part, the proximate result of her own actions, failure to act, or statements.

4. That at all relevant times hereto, Defendants complied with all duties applicable under State and Federal law and Defendants deny that they engaged in conduct which caused damage to Plaintiff.

5. There is no genuine dispute as to any material fact and, therefore, Defendants are entitled to judgment as a matter of law.

6. Plaintiff has failed to mitigate her damages.

7. At an appropriate time, Defendants will file a motion for summary judgment.

8. That Plaintiff is estopped from asserting the claims against these Defendants.

9. That there was an intervening, superseding cause of the alleged damage as a result of Plaintiff's negligence and the negligence of others.

10. That any injuries and/or damages incurred by the Plaintiff were due to the negligence and/or breach of duty and/or acts or omissions of parties other than these Defendants.

11. Plaintiff's interaction with the individual Defendants was investigated by a disinterested law enforcement agency, the Federal Protective Service ("FPS"). Inspectors of the FPS issued a citation based on their individual assessment of the situation and after interviewing Plaintiff.

12. Defendants reserve the right to amend or supplement their Affirmative Defenses as they become known during discovery.

>Respectfully submitted,
>
>AsherKelly
>
>By: /s/ Matthew I. Henzi
>MATTHEW I. HENZI (P57334)
>Attorney for Defendants
>25800 Northwestern Highway, Ste. 1100
>Southfield, MI 48075
>(248) 746-2710

Dated: July 22, 2020

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DISTRICT

CARMEN EVANS,

    Plaintiff,                                      CASE NO. 20-cv-11959
                                                    HON. LINDA V. PARKER

v.

ZACHARY ROSSO, ANDREW NGO,
in their individual and official capacities,
TRIPLE CANOPY, INC., jointly and severally,

    Defendants.

| | |
|---|---|
| DAVID A. ROBINSON (P38754)<br>BRANDON MCNEAL (P81300)<br>ROBINSON & ASSOCIATES, P.C.<br>Attorneys for Plaintiff<br>28145 Greenfield Rd., Suite 100<br>Southfield, MI 48076<br>(248) 423-7234<br>davidrobinsonlaw@gmail.com<br>mcnealbr@gmail.com<br><br>THOMAS E. KUHN (P37924)<br>Co-Counsel for Plaintiff<br>645 Griswold Street, Suite 1900<br>Detroit, MI 48226<br>313.963.5222<br>tekuhn@aol.com | MATTHEW I. HENZI (P57334)<br>ASHERKELLY, PLLC<br>Attorney for Defendants<br>25800 Northwestern Highway, Suite 1100<br>Southfield, MI 48075<br>(248) 746-2762<br>mhenzi@asherkellylaw.com |

## **PROOF OF SERVICE**

Cheryl Krause says that on the 22nd day of July, 2020, she served a copy of Defendants' Answer to Plaintiff's Complaint, Affirmative Defenses and this Proof of Service on counsel of record via the Court's electronic filing system to:

DAVID A. ROBINSON
davidrobinsonlaw@gmail.com

BRANDON MCNEAL
mcnealbr@gmail.com

THOMAS E. KUHN
tekuhn@aol.com

I hereby declare that the statement above is true to the best of my knowledge, information and belief.

*/s/* Cheryl Krause
Cheryl Krause

W2417043